IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JIAXING ZICHI TRADE CO., LTD, <br><br> Plaintiff, <br><br> v. <br><br> LING YANG, d/b/a Emperor Goose, CAO ZI QI, d/b/a FADSHOW, and SHANSHAN MA, d/b/a Raddzo, and DOES 1-50, inclusive, <br><br> Defendants. | Case No.: 1:21-cv-00973 <br><br> Hon. Martha M. Pacold <br><br> Magistrate Judge Hon. Young B. Kim |

**TEMPORARY RESTRAINING ORDER**

THIS CAUSE being before the Court on Plaintiff Jiaxing Zichi Trade Co., Ltd's *Ex Parte* Motion for Entry of a Temporary Restraining Order, Asset Restraining Order, Expedited Discovery Order, and Service of Process by Electronic Means Order against Defendants LING YANG, d/b/a Emperor Goose, CAO ZI QI, d/b/a FADSHOW, and SHANSHAN MA, d/b/a/ RADDZO, and DOES 1-50, inclusive (collectively "Defendants") using at least the online marketplace accounts Emperor Goose, FADSHOW and Raddzo (collectively, "Online Marketplace Account"), and this Court having considered the evidence before it and for GOOD CAUSE APPEARING HEREBY GRANTS Plaintiff's Motion.

This Court further finds that, at this early stage, there is sufficient evidence that it has personal jurisdiction over the Defendants since it appears that Defendants directly target or knowingly assist in targeting Illinois consumers through their knowing participation in the advertising, sales, and shipments of counterfeit and infringing products to Illinois consumers,

including in this Judicial District. Specifically, Defendants are reaching out to do business with Illinois residents by operating or knowingly participating in the operation of one or more commercial, interactive Internet Stores through which Illinois residents can purchase products and are likely to be confused by Defendants' use of Plaintiff's trade dress.

As other judges in this district have noted, there may be reason to question both the propriety of the joinder of all defendants in this one action and whether plaintiff genuinely intends to pursue an accounting (which plaintiff asserts as justification for an asset freeze), but at this preliminary stage, the court is persuaded that plaintiff has provided sufficient evidence of coordinated activity and the prospect of an accounting to justify the requested relief as to all defendants.This Court finds there is good cause for issuing this Order without notice pursuant to Rule 65(b)(1) of the Federal Rules of Civil Procedure because Plaintiff has presented specific facts in the Declaration of Edward Chen and the Declaration of Jiawei Qiu, and through accompanying evidence and exhibits, showing that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition. Specifically, in the absence of an *ex parte* Order, Defendants will likely register new e-commerce stores under new aliases and move any assets from accounts in U.S.-based financial institutions to offshore accounts, and otherwise evade this Court and attempt to escape all legal accountability. As other courts have recognized, proceedings against those who deliberately traffic in counterfeit merchandise are often useless if notice is given to the adverse party. Accordingly, this Court orders that:

1. Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be temporarily enjoined and restrained from:

a. using Plaintiff's trademarks and/or trade dress, or any reproductions or colorable imitations thereof, in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any clothing items, including winter jackets, that are not genuine products or otherwise authorized by Plaintiff;

b. passing off, inducing, or enabling others to sell or pass off any products as a genuine Orolay® product or any other products produced by Plaintiff, that are not Plaintiff's or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff using Plaintiff's trademark and/or trade dress;

c. committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

d. further infringing Plaintiff's Orolay® trademarks and trade dress and damaging Plaintiff's goodwill;

e. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, importing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear any of the Orolay® trademarks or use Plaintiff's trade dress, or any reproductions, counterfeit copies or colorable imitations thereof; and

f. using, linking to, transferring, selling, operating, exercising control over, or otherwise owning the Online Marketplace Account, or any other online marketplace account that is being used to sell or is the means by which Defendants could continue to sell products that infringe Plaintiff's trademark or trade dress

3

rights, or any reproductions, copies or colorable imitations thereof that is not a genuine product or not authorized by Plaintiff.

2. Each Defendant, within fourteen (14) days after receiving notice of this Order, shall serve upon Plaintiff a written report under oath providing: (a) their true name and physical address, (b) all websites and online marketplace accounts on any platform that they own and/or operate (c) their financial accounts, including all Amazon, Alibaba, and PayPal accounts, and (d) the steps taken by each Defendant to comply with paragraph 1, a through g, above.

3. Those in privity with Defendants, or any persons or entities in active concert or participation with actual notice of this Order, including any online marketplaces such as Amazon and Amazon Marketplace and AliExpress and payment processing service providers such as PayPal, Inc., Alipay.com Co., Ltd., and Amazon Payments, Inc. (collectively, the "Third-Party Providers"), shall within five (5) business days of receipt of this Order:

    a. disable the listing and cease displaying any advertisements used by or associated with Defendants in connection with the sale of counterfeit and infringing goods using the Orolay® trademarks and/or trade dress, including any product listing for any clothing items or jackets featuring the terms Orolay®, or using Plaintiff's trade dress or the Orolay® trademarks;

    b. disable and cease providing services for Defendants' Online Marketplace Accounts, and restrain and enjoin from transferring, liquidating, converting, encumbering, pledging, loaning, selling, concealing, dissipating, disbursing, assigning, spending, withdrawing, granting a lien or security interest or other interest in, or otherwise disposing of any money or other assets owned or controlled by Defendants until further ordered by this Court;

    c.    maintain and preserve all funds and assets controlled by Defendants and shall not transfer or surrender such funds for any purpose without the express authorization of the Court; and

    d.    take all steps necessary to prevent links to the Defendant domain names and storefronts from displaying in search results, including but not limited to removal of any links or identifiers such as ASIN, etc.

4.    Any third party with actual notice of this Order who is providing services for any of the Defendants, or in connection with any of Defendants' online stores or online market place accounts operated by Defendants, including the Third-Party Providers as described in Paragraph 3, shall, within five (5) business days after receipt of such notice, provide to Plaintiff, without notice or any notification to the Defendants, expedited discovery, including copies of documents and records in such person's or entity's possession or control relating to:

    a.    a full accounting of the monthly sales revenue for Defendants' Online Marketplace Account, as well as a full accounting of the amount of funds transferred in and out of the Online Marketplace Account each month since January of 2013;

    b.    an accounting of the total funds restrained in each financial/payment processing account (including each Amazon Payment account) controlled by or associated with Defendants;

    c.    the full list of names, addresses, email addresses, and IP addresses, of each person who registered, are listed in, logged into, used, or who otherwise handled or is associated with the stores and associated financial/payment processing accounts of the Defendants; and

      d. the full list of stores and associated financial/payment processing accounts opened, operated by, or at any time used or controlled by the Defendants, including their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them.

5. Plaintiff may provide notice of these proceedings to Defendants, including notice of the preliminary injunction hearing and service of process pursuant to Fed. R. Civ. P. 4(f)(3), by electronically publishing a link to the Complaint, the Temporary Restraining Order, this Order and other relevant documents on a website, or by sending an e-mail to the e-mail addresses provided for Defendants by third parties that includes a link to said website. The Clerk of Court is directed to issue an original summons in the name of LING YANG, d/b/a Emperor Goose, CAO ZI QI, d/b/a FADSHOW, and SHANSHAN MA, d/b/a Raddzo and all other Defendants identified in the Complaint that shall apply to all Defendants, including DOES 1-50. The combination of providing notice via electronic publication and e-mail, along with any notice that Defendants receive from Online Marketplace Accounts and payment processors, shall constitute notice reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

6. Plaintiff may provide Notice of this Order to the Third Parties Providers through electronic mail, U.S. First Class Mail, or by private process server.

7. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order on two days' notice to Plaintiff or on shorter notice as set by this Court.

This Temporary Restraining Order without notice is entered at 3:00 P.M. on March 22, 2021, and shall remain in effect for fourteen (14) days.

/s/ Martha M. Pacold
Hon. Martha M. Pacold
U.S. District Court Judge