# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JIAXING ZICHI TRADE CO., LTD, | Case No.: 1:20-cv-00973 |
| Plaintiff, | Hon. Martha M. Pacold |
| v. | Magistrate Judge Hon. Young B. Kim |
| LING YANG, d/b/a Emperor Goose, CAO ZI QI, d/b/a FADSHOW, and SHANSHAN MA, d/b/a Raddzo, and DOES 1-50, inclusive, | |
| Defendants. | |

## PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND MEMORANDUM OF LAW IN SUPPORT

Plaintiff Jiaxing Zichi Trade Co. Ltd., by and through undersigned counsel, hereby respectfully moves this Court for an order granting a preliminary injunction against Defendants in the above-named matter and hereby submits the following Memorandum of Law in Support of its Motion for Preliminary Injunction.

Pursuant to the motion procedures of this Court, and consistent with the Fifth Amended General Order 20-0012, a notice of presentment has not been submitted herewith, however, Plaintiff is available for telephonic hearing should the Court deem one to be necessary.

Dated: April 19, 2021

/s/ Edward Chen
EDWARD CHEN (CA BAR NO. 312553)
YK LAW LLP
125 SOUTH WACKER DR. SUITE 300
CHICAGO, ILLINOIS 60606
(213) 401-0970
ECHEN@YKLAW.US

*ATTORNEYS FOR PLAINTIFF JIAXING ZICHI TRADE CO., LTD*

## MEMORANDUM OF LAW

### I. INTRODUCTION

Plaintiff, JIAXING ZICHI TRADE CO., LTD, ("Plaintiff"), brings the present action against the Defendants LING YANG, d/b/a Emperor Goose, CAO ZI QI, d/b/a FADSHOW, and SHANSHAN MA, d/b/a Raddzo, and DOES 1-50 (collectively, the "Defendants") for federal trade dress infringement (Count I), false designation of origin (Count II), and violation of the Illinois Uniform Deceptive Trade Practices Act (Count III). As alleged in Plaintiff's Complaint, the Defendants are promoting, advertising, distributing, offering for sale, and selling infringing products through fully interactive, commercial Internet stores operating at least on Amazon Marketplace (the "Defendant Internet Stores").

Plaintiff respectfully requests that this Court convert the previously granted TRO into a preliminary injunction against Defendants, so that they remain enjoined from the manufacture, importation, distribution, offering for sale, and sale of infringing products during the pendency of this litigation. As part of the Preliminary Injunction, Plaintiff further requests that Defendants' Amazon accounts remain frozen until completion of these proceedings.

### II. STATEMENT OF FACTS

On March 22, 2021, this Court granted Plaintiff's Motion for a Temporary Restraining Order (the "TRO"). (Dkt. 8).

The TRO authorized Plaintiff to provide notice of these proceedings and the preliminary injunction hearing to Defendants by electronically publishing a link to the Complaint, the TRO, and other relevant documents on a website, or by sending an e-mail to the e-mail addresses provided for Defendants by third parties that includes a link to said website. (Dkt. 8 at ¶ 5).

Since and pursuant to entry of the TRO, Plaintiff has contacted and served third-party subpoenas to Amazon and has instructed Amazon to restrain the accounts associated with the Defendant Internet Stores. *See Declaration of Edward Chen* at ¶ 2 ("Chen Decl.")

On April 6, 2021, this Court granted Plaintiffs' *Ex Parte* Motion to Extend the TRO until April 19, 2021. (Dkt. 11).

### III. ARGUMENT

#### a) Preliminary Injunction Extending Relief Already Granted in the TRO Is Appropriate

Plaintiff respectfully requests that this Court convert the TRO to a preliminary injunction to prevent further unlawful conduct by Defendants. This Court, in addressing similar allegations of Internet-based counterfeiting, has also issued preliminary injunctions following a temporary restraining order. *See, e.g.*, *WHAM-O HOLDING, LTD. et al v. The Partnerships and Unincorporated Associations Identified on Schedule "A"*, No. 20-cv-04202 (N.D. Ill. Aug. 18, 2020), *Luxottica Group S.p.A. et al. v. The Partnerships and Unincorporated Associations Identified on Schedule "A"*, No. 20-cv-04162 (N.D. Ill. Aug. 18, 2020); and *CamelBak Products, LLC v. The Partnerships and Unincorporated Associations Identified on Schedule "A"*, No. 20-cv-03947 (N.D. Ill. Aug. 5, 2020) (granting Preliminary Injunction). (Chen Decl. ¶ 3, Exhibit 1). Therefore, granting a preliminary injunction that provides the same or similar relief to that which has already been granted in the TRO would be appropriate here.

##### a. This Court Has Already Found that the Requirements for a Preliminary Injunction Have Been Satisfied

Since the standard for granting a TRO and the standard for granting a preliminary injunction are identical in this Circuit, the requirements for entry of a preliminary injunction extending the TRO have been satisfied. *See, e.g., Charter Nat'l Bank & Trust v. Charter One Fin., Inc.*, No. 1:01-cv-00905, 2001 WL 527404, *1 (N.D. Ill. May 15, 2001) (citations omitted). A

temporary restraining order or preliminary injunction may be issued upon a showing that: "(1) there is a reasonable likelihood that Plaintiff will succeed on the merits; (2) Plaintiff will suffer irreparable injury if the order is not granted because there is no adequate remedy at law; (3) the balance of hardships tips in Plaintiff's favor; and (4) the public interest will not be disserved by the injunction." *Columbia Pictures Indus., Inc. v. Jasso*, 927 F. Supp. 1075, 1076 (N.D. Ill. 1996). By virtue of this Court's entry of the TRO, it has already found that the above requirements have been satisfied.

### b. The Equitable Relief Sought Remains Appropriate

The Lanham Act authorizes courts to issue injunctive relief "according to principles of equity and upon such terms as the court may deem reasonable, to prevent the violation of any right of the registrant of a mark ...." 15 U.S.C. § 1116(a). Plaintiff requests conversion of the TRO to a preliminary injunction so that Defendants' accounts in U.S.-based financial institutions remain frozen. Since entry of the TRO, Plaintiff has been working towards obtaining information, including the identification of the owners of the Defendants' Amazon accounts which were offering for sale and/or are selling infringing products. (Chen Decl. ¶ 4).

In the absence of a preliminary injunction, Defendants may attempt to move any assets from any accounts in U.S.-based financial institutions to an offshore account. Additionally, the number of damages to which Plaintiff may be entitled to as set forth in the Complaint far exceeds any amount contained in any of the Defendants' frozen Amazon accounts. (Chen Decl. ¶ 5). Therefore, Defendants' frozen assets according to the amended TRO should remain frozen for the remainder of the proceedings. As such, an order continuing to freeze the Defendants' assets should be granted.

/ / /

## IV. CONCLUSION

In view of the foregoing, Plaintiff respectfully requests that this Court grant this Motion for Preliminary Injunction and issue an order to provide Plaintiff with the requested relief.

Dated: April 19, 2021

Respectfully submitted,

*/s/ Edward Chen*
EDWARD CHEN (CA BAR NO. 312553)
YK LAW LLP
125 SOUTH WACKER DR. SUITE 300
CHICAGO, ILLINOIS 60606
(213) 401-0970
ECHEN@YKLAW.US

*ATTORNEYS FOR PLAINTIFF JIAXING ZICHI TRADE CO., LTD*

5

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 19th day of April 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record either via transmission of the Notice of Electronic Filing generated by CM/ECF, or in some other authorized manner for those counsel or parties who are not authorized to receive said notices electronically.

                By:    */s/ Edward Chen*
                          Edward Chen