IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JIAXING ZICHI TRADE CO., LTD, <br><br> Plaintiff, <br><br> v. <br><br> LING YANG, d/b/a Emperor Goose, CAO ZI QI, d/b/a FADSHOW, and SHANSHAN MA, d/b/a Raddzo, and DOES 1-50, inclusive, <br><br> Defendants. | Case No.: 1:21-cv-00973 <br><br> Hon. Martha M. Pacold <br><br> Magistrate Judge Hon. Young B. Kim |

**PRELIMINARY INJUNCTION ORDER**

THIS CAUSE being before the Court on Plaintiff's Motion for Entry of a Preliminary Injunction Order against Defendants LING YANG, d/b/a Emperor Goose, CAO ZI QI, d/b/a FADSHOW, and SHANSHAN MA, d/b/a/ RADDZO, and DOES 1-50, inclusive (collectively "Defendants") using at least the online marketplace accounts Emperor Goose, FADSHOW and Raddzo (collectively, "Online Marketplace Accounts"), and this Court having considered the evidence before it hereby GRANTS Plaintiff's Motion in its entirety.

This Court further finds that there is sufficient evidence, at this preliminary stage, that the Court has personal jurisdiction over the Defendants since the Defendants appear to directly target their business activities toward consumers in the United States, including Illinois. "In the context of cases like this one, that means a plaintiff must show that each defendant is actually operating an interactive website that is accessible in Illinois and that each defendant has aimed such site at Illinois by standing ready, willing and able to ship its counterfeit goods to customers in Illinois in

1

particular (or otherwise has some sufficient voluntary contacts with the state)." *Am. Bridal & Prom Indus. Ass'n v. P'ships & Unincorporated Ass'ns Identified on Schedule A*, 192 F.Supp.3d 924, 934 (N.D. Ill. 2016). In this case, Plaintiff has presented screenshot evidence that each Defendant Internet Store is reaching out to do business with Illinois residents by operating one or more commercial, interactive Internet Stores through which Illinois residents can purchase products and are likely to be confused by Defendants' use of Plaintiff's trade dress. (Dkt. 7-3).

This Court further finds that injunctive relief previously granted in the Temporary Restraining Order ("TRO") should remain in place through the pendency of this litigation and that issuing this Preliminary Injunction is warranted under Federal Rule of Civil Procedure 65. Evidence submitted in support of this Motion and in support of Plaintiff's previously granted Motion for a Temporary Restraining Order establishes that Plaintiff has a likelihood of success on the merits; that no remedy at law exists; and that Plaintiff will suffer irreparable harm if the injunction is not granted.

Specifically, Plaintiff has proved a *prima facie* case of trade dress infringement because (1) Plaintiff's trade dress is non-functional and has developed secondary meaning, and therefore the trade dress is valid and protectable, (2) Defendants are not licensed or authorized to use Plaintiff's trade dress, (3) Defendants' uses of Plaintiff's trade dress are causing a likelihood of confusion as to the origin or sponsorship of Defendants' products with Plaintiff. Furthermore, Defendants' continued and unauthorized use of Plaintiffs trade dress irreparably harms Plaintiff through diminished goodwill and brand confidence, damage to Plaintiff's reputation, loss of exclusivity, and loss of future sales. Monetary damages fail to address such damage and, therefore, Plaintiff has an inadequate remedy at law. Moreover, the public interest is served by entry of this

Preliminary Injunction to dispel the public confusion created by Defendants' actions. Accordingly, this Court orders that:

1. Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be temporarily enjoined and restrained from:

   a. using Plaintiff's trademarks and/or trade dress, or any reproductions or colorable imitations thereof, in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any clothing items, including winter jackets, that are not genuine products or otherwise authorized by Plaintiff;

   b. passing off, inducing, or enabling others to sell or pass off any products as a genuine Orolay® product or any other products produced by Plaintiff, that are not Plaintiff's or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff using Plaintiff's trademark and/or trade dress;

   c. committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

   d. further infringing Plaintiff's Orolay® trademarks and trade dress and damaging Plaintiff's goodwill;

   e. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, importing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear any of the

    Orolay® trademarks or use Plaintiff's trade dress, or any reproductions, counterfeit copies or colorable imitations thereof; and

  f. using, linking to, transferring, selling, operating, exercising control over, or otherwise owning the Online Marketplace Account, or any other online marketplace account that is being used to sell or is the means by which Defendants could continue to sell products that infringe Plaintiff's trademark or trade dress rights, or any reproductions, copies or colorable imitations thereof that is not a genuine product or not authorized by Plaintiff.

2. Each Defendant, within fourteen (14) days after receiving notice of this Order, shall serve upon Plaintiff a written report under oath providing: (a) their true name and physical address, (b) all websites and online marketplace accounts on any platform that they own and/or operate (c) their financial accounts, including all Amazon, Alibaba, and PayPal accounts, and (d) the steps taken by each Defendant to comply with paragraph 1, a through g, above.

3. Those in privity with Defendants, or any persons or entities in active concert or participation with actual notice of this Order, including any online marketplaces such as Amazon and Amazon Marketplace and AliExpress and payment processing service providers such as PayPal, Inc., Alipay.com Co., Ltd., and Amazon Payments, Inc. (collectively, the "Third-Party Providers"), shall within five (5) business days of receipt of this Order:

  a. disable the listing and cease displaying any advertisements used by or associated with Defendants in connection with the sale of counterfeit and infringing goods using the Orolay® trademarks and/or trade dress, including any product listing for any clothing items or jackets featuring the terms Orolay®, or using Plaintiff's trade dress or the Orolay® trademarks;

4

    b.  disable and cease providing services for Defendants' Online Marketplace Accounts, and restrain and enjoin from transferring, liquidating, converting, encumbering, pledging, loaning, selling, concealing, dissipating, disbursing, assigning, spending, withdrawing, granting a lien or security interest or other interest in, or otherwise disposing of any money or other assets owned or controlled by Defendants until further ordered by this Court;

    c.  maintain and preserve all funds and assets controlled by Defendants and shall not transfer or surrender such funds for any purpose without the express authorization of the Court; and

    d.  take all steps necessary to prevent links to the Defendant domain names and storefronts from displaying in search results, including but not limited to removal of any links or identifiers such as ASIN, etc.

4.    Any third party with actual notice of this Order who is providing services for any of the Defendants, or in connection with any of Defendants' online stores or online market place accounts operated by Defendants, including the Third-Party Providers as described in Paragraph 3, shall, within five (5) business days after receipt of such notice, provide to Plaintiff, without notice or any notification to the Defendants, expedited discovery, including copies of documents and records in such person's or entity's possession or control relating to:

    a.  a full accounting of the monthly sales revenue for Defendants' Online Marketplace Account, as well as a full accounting of the amount of funds transferred in and out of the Online Marketplace Account each month since January of 2013;

      b. an accounting of the total funds restrained in each financial/payment processing account (including each Amazon Payment account) controlled by or associated with Defendants;

      c. the full list of names, addresses, email addresses, and IP addresses, of each person who registered, are listed in, logged into, used, or who otherwise handled or is associated with the stores and associated financial/payment processing accounts of the Defendants; and

      d. the full list of stores and associated financial/payment processing accounts opened, operated by, or at any time used or controlled by the Defendants, including their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them.

5. Plaintiff may provide notice of these proceedings to Defendants, including notice of the preliminary injunction hearing and service of process pursuant to Fed. R. Civ. P. 4(f)(3), by electronically publishing a link to the Complaint, the Temporary Restraining Order, this Order and other relevant documents on a website, or by sending an e-mail to the e-mail addresses provided for Defendants by third parties that includes a link to said website. The Clerk of Court is directed to issue an original summons in the name of LING YANG, d/b/a Emperor Goose, CAO ZI QI, d/b/a FADSHOW, and SHANSHAN MA, d/b/a Raddzo and all other Defendants identified in the Complaint that shall apply to all Defendants, including DOES 1-50. The combination of providing notice via electronic publication and e-mail, along with any notice that Defendants receive from Online Marketplace Accounts and payment processors, shall constitute notice reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

6. Plaintiff may provide Notice of this Order to the Third Parties Providers through electronic mail, U.S. First Class Mail, or by private process server.

7. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order on two days' notice to Plaintiff or on shorter notice as set by this Court.

8. The $10,000 bond posted by Plaintiff shall remain with the Court until a Final disposition of this case or until this Preliminary Injunction is terminated.

Dated: May 6, 2021

/s/ Martha M. Pacold
Hon. Martha M. Pacold
U.S. District Court Judge