IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JIAXING ZICHI TRADE CO., LTD, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> LING YANG, d/b/a Emperor Goose, XIAN ) <br> CHUN JIANG, d/b/a FADSHOW, and ) <br> SHANSHAN MA, d/b/a Raddzo, and DOES ) <br> 1–50, inclusive, ) <br> ) <br> Defendants. ) | Case No. 21-cv-973 <br><br> Judge Martha M. Pacold |

## ORDER

Before the court is Defendants' motion to dismiss the complaint and/or to dissolve the preliminary injunction [17]. For the reasons below, Defendants' motion to dismiss is granted, without prejudice, to the extent that it seeks dismissal for failure to state a claim, and the preliminary injunction [15] is dissolved. If Plaintiff chooses to file an amended complaint, it must do so by 10/1/2021.

## STATEMENT

Plaintiff Jiaxing Zichi Trade Co., a Chinese company, filed this suit under the Lanham Act, 5 U.S.C. § 1051 *et seq.*, alleging that Defendants Ling Yang, d/b/a Emperor Goose, Shanshan Ma, d/b/a Raddzo, and Xianchun Jian, d/b/a Fadshow, infringed on Plaintiff's trade dress rights in a women's winter coat known as the "Orolay jacket." The court granted Plaintiff's motion for a temporary restraining order on 3/22/2021. [9].[1] Plaintiff then moved for a preliminary injunction on 4/19/2021. [12]. The court ordered Plaintiff to serve Defendants and advised Defendants that the motion for a preliminary injunction would be deemed unopposed if Defendants did not appear and object by 5/3/2021. On 5/6/2021, the court granted the motion for a preliminary injunction after Defendants failed to timely appear or object. *See* [14], [15]. Several weeks later, Defendants appeared via counsel and moved to dissolve the preliminary injunction and to dismiss Plaintiff's complaint. *See* [16], [17]. Plaintiff's motion raises several arguments but, as explained below, the court need not reach all of them at this juncture.

---

[1] Bracketed numbers refer to docket entries and are followed by the page or paragraph number. Page numbers refer to the CM/ECF page number.

*Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction*

Because any defect in subject matter jurisdiction prevents this court from reaching the parties' arguments on the merits, *see Keep Chicago Livable v. City of Chicago*, 913 F.3d 618, 621 (7th Cir. 2019), the court first addresses Defendants' argument that the case should be dismissed for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).

Defendants contend that Plaintiff lacks Article III standing to bring this suit on the theory that a necessary "element in a trade dress case is that the [p]laintiff must own the trade dress" at issue, and yet Plaintiff in this case "does not own the [Orolay jacket] trade dress." [17] at 12. This theory conflates the existence of a cause of action (sometimes loosely referred to as "statutory standing") with Article III standing. The question whether a plaintiff has satisfied the elements of a Lanham Act claim is a merits issue that has "nothing to do with [the] plaintiff's standing to sue under Article III of the U.S. Constitution (which requires only but-for causation, an injury-in-fact, and redressability)." *Supreme Auto Transp., LLC v. Arcelor Mittal USA, Inc.*, 902 F.3d 735, 743 (7th Cir. 2018) (describing the difference between a cause-of-action inquiry and an Article III standing inquiry in the antitrust context); *see also Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 128 n.4 (2014) (criticizing use of the term "statutory standing" to describe the cause-of-action analysis under § 1125(a) and emphasizing that "the absence of a valid (as opposed to arguable) cause of action does not implicate subject-matter jurisdiction") (quotation marks omitted).

Defendants, in other words, have not identified a defect in this court's subject matter jurisdiction. And while this court has an "independent obligation" to police its own jurisdiction, *Gadelhak v. AT&T Servs., Inc.*, 950 F.3d 458, 461 (7th Cir. 2020), the court does not discern any other jurisdictional defect in Plaintiff's complaint. The complaint adequately invokes this court's federal question jurisdiction by alleging that Plaintiff sustained economic injuries caused by Defendants' sales of the Orolay jacket, in violation of the Lanham Act, and seeks to redress those losses by requesting a favorable ruling from this court. Put differently, the complaint alleges but-for causation, an injury-in-fact, and redressability, and hinges on an "arguable" federal cause of action. That is all that is required to satisfy Article III's standing requirement. *Lexmark Int'l*, 572 U.S. at 128 n.4; *Supreme Auto Transp.*, 902 F.3d at 743. Defendants' motion to dismiss is denied insofar as it seeks dismissal for lack of subject-matter jurisdiction.

*Defendants' Motion to Dismiss for Failure to State a Claim*

Defendants also argue that the complaint fails to state a valid claim under the Lanham Act.[2] The Lanham Act authorizes civil lawsuits against anyone who uses "any word, term, name, symbol, or device" "in connection with any goods or services" in a manner which "is likely to cause confusion" as to the source of those goods or services. 15 U.S.C. § 1125(a)(1)(A). The Act's protection of trademarks encompasses "trade dress" design, which is defined as a "product design that is so distinctive it identifies the product's source." *Bodum USA, Inc. v. A Top New Casting Inc.*, 927 F.3d 486, 491 (7th Cir. 2019).

To survive a Rule 12(b)(6) motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility when the claimant "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In adjudicating a motion to dismiss, a court may consider "not only the complaint itself, but also documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice." *Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1019–20 (7th Cir. 2013) (internal quotation marks omitted).

Here, Plaintiff's claim for trade dress infringement requires Plaintiff to plead (and eventually prove, though not at this stage) that: "[1] it owns a valid trade dress in the [Orolay jacket] design, [2] that the trade dress is not functional, and [3] that [Defendants' jackets]" mimicked the Orolay jacket design in a way that is "likely to cause consumer confusion as to [the jackets'] source." *Bodum USA, Inc.*, 927 F.3d at 491. Defendants argue that Plaintiff's complaint fails to satisfy these elements because the complaint does not plausibly allege that: (1) Plaintiff owns the trade dress; (2) the trade dress is valid; or (3) the trade dress is not functional. The court begins (and ends) its analysis with the ownership issue.

---

[2] Although the focus of the parties' briefing is Plaintiff's claim for trade dress infringement under the Lanham Act, Plaintiff's complaint in fact contains three separate counts: one for trade dress infringement under § 1125 generally, a second count for false designation of origin under § 1125(a), and a third count for violations of the Illinois Deceptive Trade Practices Act, 815 ILCS § 510 *et seq.* But because Plaintiff concedes that the elements required to prevail on the second and third counts are identical to the elements required to prevail on the first count, *see* [6] at 25–26, the court—like the parties—focuses its analysis on Plaintiff's claim for trade dress infringement.

"To acquire ownership of a trademark it is not enough to have invented the mark first or even to have registered it first; the party claiming ownership must have been the first to actually use the mark in the sale of goods or services." *Sengoku Works Ltd. v. RMC Int'l, Ltd.*, 96 F.3d 1217, 1219 (9th Cir. 1996); *see also Johnny Blastoff v. Los Angeles Rams Football Co.*, 188 F.3d 427, 434 (7th Cir. 1999) ("The party who first appropriates the mark through use, and for whom the mark serves as a designation of source, acquires superior rights to it."). This standard applies to trade dress, which—as noted above—is a species of trademark. *See, e.g.*, *Mosaic Brands, Inc. v. Ridge Wallet LLC*, No. 20-cv-04556, 2020 WL 6821013, at \*7 (C.D. Cal. Oct. 29, 2020).

Multiple courts have held that a plaintiff seeking to vindicate rights in an unregistered trade dress must allege the date on which the plaintiff first used the trade dress in the sale of goods or services within the United States in order to plausibly allege ownership. *See, e.g.*, *Mosaic Brands*, 2020 WL 6821013 at \*7; *TSX Toys, Inc. v. 665, Inc.*, No. 14-02400, 2015 WL 12746211, at \*4–5 (C.D. Cal. Sept. 23, 2015); *see also ITC Ltd. v. Punchgini, Inc.*, 482 F.3d 135, 155–65 (2d Cir. 2007) (explaining that a mark must be used *within the United States* to trigger the Lanham Act's protections). Plaintiff cites no authority to the contrary. Yet Plaintiff's complaint does not satisfy this standard. Although Plaintiff alleges in conclusory fashion that it "owns trade dress rights in the design and appearance of the Orolay® jacket," [1] ¶ 21, and further alleges that Plaintiff "debuted" the Orolay jacket in an unspecified location during an unspecified time during the year 2013, [1] ¶2, the complaint does not allege either that Plaintiff was first to actually use the Orolay trade dress in the sale of goods or services within the United States, nor does it allege the precise date of first use. On the contrary, the complaint appears to state that Plaintiff did not become "the exclusive authorized distributor of products bearing the Orolay® trademark" until 2015 or later, [1] ¶ 16, and Plaintiff stipulated to an exhibit showing that another clothing retailer, Zara, also sold a coat bearing the same trade dress as the Orolay jacket in 2013, *see* [17-37]; [23] at 1–2, 5. In light of these omissions and stipulation, Plaintiff has failed to plausibly allege ownership of trade dress rights in the Orolay jacket. Defendants' motion to dismiss for failure to state a claim is granted without prejudice. Plaintiff may file an amended complaint by the date specified above if it determines that it can do so consistent with Federal Rule of Civil Procedure 11.

Because Plaintiff has not adequately alleged ownership of the trade dress, the Court need not reach the parties' additional arguments, including Defendants' arguments that the trade dress design is not valid, enforceable, or non-functional. Nor does the Court reach Defendants' argument that the case should be dismissed for failure to join a necessary party.

*Defendants' Motion to Dissolve the Preliminary Injunction*

Defendants' motion also seeks to dissolve the preliminary injunction [15]. In analyzing whether a preliminary injunction is justified,[3] a court asks whether the party seeking the injunction has shown, as a threshold matter, that: (1) "its claim has some likelihood of succeeding on the merits" and (2) that, absent a preliminary injunction, it will suffer irreparable harm" for which "traditional legal remedies would be inadequate." *Valencia v. City of Springfield, Illinois*, 883 F.3d 959, 965 (7th Cir. 2018) (quotation marks and citation omitted). ("If these threshold factors are met, the court proceeds to a balancing phase, where it must then consider" additional factors. *Cassell v. Snyders*, 990 F.3d 539, 545 (7th Cir. 2021) (citations and quotation marks omitted).)

Ordinarily, "[p]laintiffs can only establish a likelihood of success on the merits of their [] claim"—a core threshold issue—"if that claim survives [a] motion to dismiss." *Citizens for Resp. and Ethics in Wash. (CREW) v. U.S. Dep't of Homeland Sec.*, 387 F. Supp. 3d 33, 44 (D.D.C. 2019). There are a handful of rare circumstances in which courts have denied motions to dissolve a preliminary injunction despite granting without prejudice a simultaneous motion to dismiss, *see, e.g.*, *Sharp Healthcare v. Leavitt*, No. 08-cv-0170, 2009 WL 790113, at *6 (S.D. Cal. Mar. 25, 2009), but Plaintiff does not argue that such an unusual remedy would be appropriate here. The court therefore grants Defendants' motion to dissolve the preliminary injunction because Plaintiff has failed to establish that it is likely to succeed on the merits.

---

[3] A party seeking to dissolve a preliminary injunction typically bears the burden of negating the conclusions supporting the issuance of the injunction. *See, e.g.*, *Doe 2 v. Shanahan*, 755 F. App'x 19, 22 (D.C. Cir. 2019). However, the burden of proof does not necessarily fall on the movant when the "temporary injunction [was] issued under circumstances resembling a temporary restraining order"; in that case, the burden of proof may lie with the party seeking to maintain the preliminary injunction. 42 Am. Jur. 2d Injunctions § 291. The preliminary injunction in this case was issued under circumstances resembling a temporary restraining order because, as explained above, the injunction was granted without a hearing or adversarial briefing. In light of this backdrop, Defendants argue that Plaintiff bears the burden of proving that the preliminary injunction should remain in place, *see* [17] at 2, and Plaintiff appears to concede the point, *see* [21] at 7 (framing the legal question in terms of what "a plaintiff needs [to] demonstrate" in order to "justify injunctive relief"). The court therefore assumes that the burden of justifying injunctive relief remains with Plaintiff.

*Defendants' Request for Leave to Supplement*

Finally, Defendants' reply brief requests "leave to supplement" the record "to add [] evidence of illegal product sales" by Plaintiffs, which Defendants believe raises "a serious question of patent fraud." [23] at 2–3. This request is denied because it does not appear to relate to any currently pending claim in the case and does not clearly identify the relief it seeks. "The Federal Rules of Civil Procedure 'govern the procedure in all civil actions,' and so any motion must be brought under the Rules." *Dahlstrom v. Sun-Times Media, LLC*, No. 12-cv-658, 2020 WL 4748141, at *3 (N.D. Ill. Aug. 14, 2020) (quoting Fed. R. Civ. P. 1). If Defendants wish to assert a claim against Plaintiff for patent fraud, they must do so in accordance with the Federal Rules of Civil Procedure, including by demonstrating that Plaintiffs possess a statutory cause of action to bring such a claim.

To the extent that Defendants seek to introduce or conduct discovery regarding this new evidence in order to support an equitable defense of unclean hands, *see* [23] at 10–12, that request is denied as moot because that the court has dissolved the injunction on other grounds. This denial is without prejudice to Defendants' ability to re-raise these issues in an answer to any amended complaint.

Date: August 19, 2021                                         /s/ Martha M. Pacold