**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| JIAXING ZICHI TRADE CO., LTD., ) | |
| ) | Case No. 1:21-cv-973 |
| Plaintiff, ) | |
| ) | Judge: Martha M. Pacold |
| ) | |
| ) | Magistrate Judge Young B. Kim |
| Ling YANG, d/b/a Emperor Goose, ) | |
| Xianchun JIANG, d/b/a FADSHOW, and ) | |
| Shanshan MA, d/b/a Raddzo, et al. ) | |
| ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM IN SUPPORT OF DEFENDANTS MOTION TO DISMISS WITH PREJUDICE

### INTRODUCTION

Movant-Defendants: Ling YANG d/b/a Emperor Goose, Xianchun JIANG[1] d/b/a FADSHOW, Shanshan MA d/b/a Raddzo, by and through its attorneys, move this Court to present their motion to dismiss the Amended Complaint with prejudice based on 28 U.S.C. § 1915(e)(2)(A) and without waiving the following Rule 12 defenses:

Rule 12(b)(6) for failure to state a claim upon which relief can be granted the Amended Complaint relying as proof of "ownership" a document false on its face;

Rule 12(b)(7) for failure to join a necessary party, the trademark owner of Orolay, Jiawei Qiu, under rule 19; and

Rule 12(e) for more definite statement.

---

[1] Plaintiff named Cao Zi Qi in the Amended Complaint, knowing he dismissed the same defendant on June 8, 2021.

**BACKGROUND**

On Feb. 21, 2021, Plaintiff filed a three (3) count Complaint alleging trade dress and false designation of origin among other claims. Plaintiff conclusorily alleged existence of (1) trade dress and one (1) trademark. Doc. 1 at ¶¶ 2, 26-29, although the trademark, Doc. 1-1, is not owned by Plaintiff. Responsive to Defendants' motion to dismiss the Complaint and dissolve an injunction, Doc. 21, this Court granted the motion to dismiss and dissolved the preliminary injunction. Doc. 24. The Order cautioned: "Plaintiff may file an amended complaint by the date specified above if it determines that it can do so consistent with Federal Rule of Civil Procedure 11." *Id.* at 4.

Addressing its failure to allege facts demonstration ownership of the trade dress, Plaintiff submitted to this Court, Doc. 25 – 2 a "BRAND SALES AUTHORIZATION CERTIFICATE" with a Red Personal Seal and Mr. Jiawei Qiu's signature with date of October 1, 2015. The document, on its face, references trademark Reg. No. 5475044 – Doc. 1-1 to the original Complaint, which did not exist at the purported date of signature.

**ARGUMENT**

**I. MOTION TO DISMISS AMENDED COMPLAINT BASED ON PLAINTIFF'S GENERIC TRADE DRESS**

**1. PLAINTIFF HAS FAILED TO CREDIBLY ALLEGE PLAINTIFF OWNS THE ALLEGED TRADE DRESS**

As the Court observed, for unregistered trade dress, Plaintiff must prove that it, not someone else, owns the trade dress. *See* 15 U.S.C. § 1125(a); *Ty, Inc. v. Jones Group, Inc.*, 237 F.3d 891, 897 (7th Cir. 2001); *Badger Meter, Inc. v. Grinnell Corp.*, 13 F.3d 1145, 1151 (7th Cir. 1994). Absent from the Amended Complaint is the word

"own". Also absent are facts that demonstrate ownership, there remaining doubt about what legal entity is identified by the trade dress to consumers and whose goodwill conveyed by the look of the product.

Logical inconsistencies in Amended Complaint remain. More specifically, – Paragraphs 14 – 16 allege things "Plaintiff" says it has done, but all refer to the "Orolay® jacket". Paragraph 17 refers to U.S. Registration Number 4778909 for the mark OROLAY which is not owned by Plaintiff. (Plaintiff's Exhibit 1, Doc. 25-1 ) Paragraphs 19 – 25 never mention anything relating to trade dress without also mentioning the trademark OROLAY® which Plaintiff admittedly does not own.

Paragraph 18 states:

"18. **Since October 2015**, Plaintiff has been the sole exclusive authorized distributor of products bearing the Orolay® trademark.has [sic] since become the exclusive authorized distributor of products bearing the Orolay® trademark. A true and correct copy of the exclusive distributor authorization granting Plaintiff exclusive rights to the Orolay® trademark is attached herewith as Exhibit 2." [Emphasis added]

Plaintiff's Exhibit 2, Doc. 25 – 2, states, *inter alia*:

## "BRAND SALES AUTHORIZATION CERTIFICATE

We, OROLAY, hereunder authorized the below company as our distributor for Jiaxing Zichi Trade Co., Ltd on Amazon.com (Seller ID: A2L41BJLE6LBDZ), who will be in charge of marketing, sales, supplying and service of "OROLAY" products.

This authorization shall not be modified, transferred, sold or used for other purposes. If any of the above provisions are violated, the relevant legal liability shall be investigated.

* * *

OROLAY Trademark (U.S.) **Registration Number: 5475044**, 4778909 [Emphasis added]

* * *

OROLAY Owner Information

Name: Qiu, JiaWei"

A handwritten date below the signature is: **"Oct. 1. 2015**" [Emphasis added]

Thus, the key exhibit purporting to evidence authority (if not ownership of the trademark registrations) of Plaintiff – and purportedly solving the "ownership" shortcoming of the original Complaint – says the non-party Jiawei Qiu owns two US Trademark registrations, 5475044 and 4778909 and the authorization was executed October 1, 2015.

The Court is familiar with Reg. No. 5475044.  It was Exhibit 1 to the original Complaint.  Doc 1-1.   On the face of Reg. No. 5475044 is:

Reg. No. 5,475,044

**Registered May 22, 2018 [Emphasis added]**

Qiu, JiaWei (CHINA INDIVIDUAL)

No. 60-2502, Yuanyibaizhuang

Jiaxing, Zhejiang, CHINA 314000

SER. NO. 87-649,448, **FILED 10-17-2017"** [Emphasis added]

False statements in the Amended Complaint are:

(1) Allegation, paragraph 18 that since October 2015 Plaintiff was an exclusive distributor;

(2) Allegation, paragraph 18, "A true and correct copy of the exclusive distributor authorization granting Plaintiff exclusive rights to the Orolay® trademark is attached herewith as Exhibit 2."

These are necessarily false because Exhibit 2 purportedly signed by Jiawei Qiu on Oct. 1, 2015, specifically references US Trademark Reg. No. 5475044did not exist on October 1, 2015.  The trademark application was not even filed until 2017 and the registration did not issue until 2018. Doc. 1-1.

The issue is whether Plaintiff or non-party Mr. Qiu is the "owner" and, as the court specifically stated, "the date on which the plaintiff first used the trade dress" (Doc. 24, page 4).  Since the date depends on the document and the document is false, the allegation does not establish either the party or the date.  Indeed, the other registration, No. 47789098, Doc. 25-1, evidences it was Mr. Qiu, not Plaintiff, that used the word mark.

Faking documents to antedate facts in trademark cases is not unknown.   *Patsy's Brand, Inc. v. I.O.B. Realty, Inc.* 317 F.3d 209 65 U.S.P.Q.2d 1442 (2d Cir, 2003). Based on 28 U.S.C. § 1915(e)(2)(A), the court in *Coleman v. Calumet City* 2017 WL 11552849,.  (ND Ill 2017) dismissed  with prejudice given the obvious falsity of Plaintiff's misrepresentation, :.), "based on 28 U.S.C. § 1915(e)(2)(A) and the Court's inherent authority, the Court finds that dismissal with prejudice is warranted and is proportionate

to the gravity of Plaintiff's misrepresentations, given the obvious falsity of information that Plaintiff provided under penalty of perjury. See *Secrease v. W. & S. Life Ins. Co.*, 800 F.3d 397, 401 (7th Cir. 2015) ("[d]ismissal [pursuant to the court's inherent authority] can be appropriate when the plaintiff has abused the judicial process by seeking relief based on information that the plaintiff knows is false."); *Mathis v. N.Y. Life Ins. Co.*, 133 F.3d 546, 547-48 (7th Cir. 1998) (affirming dismissal with prejudice despite plaintiff's contention that errors in his IFP application were inadvertent)."

*Central Mfg. Co. v. Pure Fishing, Inc.* 2005 WL 3090988 (ND Ill, 2005) also involved fake trademark documents.

"The Court has the inherent authority to dismis plaintiff's complaint with prejudice and enter a default judgment against Mr. Stoller to rectify abuses to the judicial process. *Dotson v. Bravo,* 321 F.3d 663, 667 (7th Cir.2003). This power is governed by the necessary control a court must have over its docket and includes the imposition of the sanction of dismissal with prejudice. *Id.* As the Seventh Circuit has recognized, "there are species of misconduct that place too high a burden ... for a court to allow a case to continue." *Barnhill v. United States,* 11 F.3d 1360, 1368 (7th Cir.1993). Dismissal with prejudice is a harsh sanction, however "the most severe sanction in the spectrum of sanctions provided by statute or rule must be available ... not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." *Nat'l Hockey League v. Metro Hockey Club, Inc.,* 427 U.S. 639, 643 (1976). Additionally, the Court need not explore the appropriateness of a lesser sanction if the circumstances justify dismissal of the

action with prejudice. *Dotson,* 321 F.3d at 667.


The basis for the previous dismissal was lack of sufficient allegation of ownership of the purported trade dress.  As evidence of "ownership" (actually, merely authorization to distribute what is owned by Mr. Qiu) Plaintiff submitted a document Doc. 25 – 2, that must be false because it specifically references something that did not exist (Doc. 1-1) on the purported date written.  This is egregious.

## ADDITIONAL DEFECTS WARRANT DISMISSAL

The Amended Complaint fails to set forth facts sufficient to establish

(1) a "sole exclusive authorized distributor" is an "owner"

(2) Mr. Qiu is not an essential party.

To the contrary, the Amended Complaint shows both Plaintiff is not the "owner" and Mr. Qiu should be before this Court (apart from his personally answering how he could sign a document in 2015 that references something that had not yet happened.)

A mere distributor may not be an "owner" and if not, the "owner" should be a party.   Where the trademark OROLAY pervades the Amended Complaint, and the presumption that Mr. Qiu owns the mark and trade dress in absence of an exclusive license (not mere distribution) then Mr. Qiu should be a party.  Additionally, if Mr. Qiu has a license in gross (because there is no quality control in the distribution agreement, but Plaintiff is alleged to be the "manufacturer") then the OROLAY trademark may be abandoned, and the whole world can use the word mark, not only the trade dress.

These points have been asserted in the original Motion to Dismiss, incorporated by reference as if fully set forth herein. At least these issues are unresolved, and they are interrelated. Exclusive distributorship, even if true, does not denote "ownership."

Even if the document were believed, it is not a <u>license</u> of trademark or trade dress rights, it merely says Mr. Qiu will not sell through anyone else (it's "exclusive"). *Hako-Med USA, Inc. v. Axiom Worldwide, Inc*. 2006 WL 3755328 (MD Fla 2006) ("As with standing analysis in patent infringement cases, "the determination of whether a licensee has standing to sue under [15 U.S.C.] § 1114 largely depends on the rights granted to the licensee in the licensing agreement. Where the licensee is non-exclusive the licensee does not have standing to bring an infringement action." *Ultrapure Sys., Inc. v. Ham–Let Group*, 921 F.Supp. 659, 665 (N .D.Cal.1996) (citation omitted). *See also BMW of N. Am., Inc. v. Au-tomotive Gold, Inc.*, No. 96–384–Civ–J–20, 1996 U.S. Dist. Lexis 22828, *7–8 (M.D. Fla. June 19, 1996) (several courts have recognized that <u>exclusive licensees</u> may sue for injunctive relief under section 1114(1), but the right has not been extended to non-exclusive <u>licensees</u>) (citations omitted). If the contract provisions provide that the licensor retains exclusive ownership of the mark, the licensee lacks standing to bring an infringement action. *Ultrapure Sys.*, 921 F.Supp. at 665 (citation omitted).") Distributorship is not a license, whether it is exclusive or non-exclusive.

Paragraphs 14, 15, 16, 17, 18, 19, 20, 21 of Amended Complaint all reference both facts purportedly relating to trade dress that Plaintiff purportedly "owns" while also expressly referring to the trademark OROLAY which it admittedly does not own. Paragraph 23 alleges trademark rights connected to Plaintiff, not the owner of the mark,

8

"consumers widely recognize the unique and distinctive design as well as style of the Orolay® jacket as indicators of the products' origin and quality as coming from Orolay®."

All Plaintiff provides to rebut the presumption that Mr. Qiu owns trade dress (*Tecnimed SRL v. Kidz-Med, Inc.* 763 F.Supp.2d 39598 U.S.P.Q.2d 1783 (SDNY 2011)) is a false document. *Frederick Atkins, Inc. v. Carson Pirie Scott & Co., Inc.* 1999 WL 1249342 (ND Ill 1999) stated: "The fact that Atkins was exclusive distributor for Jay Imports does not transfer Jay Import's trade dress rights to Atkins. See *TMT North America, Inc. v. Magic Tour GmbH*, 124 F.3d 876, 883 (7th Cir.1997). *See* also *1 Jerome Gilson, Trademark Protection and Practice* § 3.02[13][a][ii] (1999)("A distributor does not acquire trademark ownership simply by selling and distributing goods bearing a manufacturer's trademark, without express or implied acknowledgment or transfer of rights by the manufacturer.")." *see also Barefoot Contessa Pantry, LLC v. Aqua Star (USA) Co.* 2015 WL 845711 (SDNY 2015) ("When a dispute over trade dress or trademark ownership arises between manufacturers and distributors, courts typically "look first to any agreement between the parties regarding trademark rights." *Excell Consumer Prods. Ltd. v. Smart Candle LLC*, No. 11–CV–7220 (MEA), 2013 WL 4828581, at *22 (S.D.N.Y. Sept. 10, 2013) (internal quotation marks omitted), opinion supplemented on denial of reconsideration, 2014 WL 1796657 (S.D.N.Y. May 5, 2014). In this case, however, the Licensing Agreement between Plaintiffs and Contessa Premium does not answer the question of ownership of the Frozen Dinner Trade Dress." [Emphasis added] Here, of course, there is not a license.

The current allegations are insufficient to present "ownership." The presumption is therefore Mr. Qiu owns trade dress, as he owns the trademark OROLAY that pervades discussion of the alleged trade dress.

## II. MOTION TO DISMISS UNDER 12(b)(7) FOR FAILURE TO JOIN A NECESSARY PARTY: JIAWEI QIU

Defendants argued failure to join Mr. Qiu in its previous Motion, the Court being able to fully decide dismissal under 12 (b) (6) no determination was required. Amended Complaint, Exhibit 2, Doc. 25 – 2, assuming *arguendo* it were true, would be fatal as a license and stands to abandon any rights, because it fails to have any quality control provisions. *Eva's Bridal, Inc. v. Halanick Enterprises, Inc*., 639 F.3d 788 (7th Cir. 2011) Since the allegations, Doc. 25 – 1, are Mr. Qiu is the trademark owner, and we also assume that Plaintiff is the manufacturer (Paragraph 14) then there must be license from Mr. Qiu to Plaintiff in order for the OROLAY trademark to be used by Plaintiff. *Id.*

Mr. Qiu should be a party. See e.g. *PAF S.r.l. v. Lisa Lighting Co., Ltd.* 712 F.Supp. 394 1989 WL 45163 (SD NY 1989) (both manufacturer and distributor parties) *I.P. Lund Trading ApS v. Kohler Co.* 118 F.Supp.2d 92, 56 U.S.P.Q.2d 1776 (D. Mass, 2000) (same)

Alternatively, as previously argued, if every reference to the trade dress is also a reference to Mr. Qiu's trademark OROLAY, which is the case, then Mr. Qiu, not Plaintiff, may be the "owner" of the trade dress. If (1) look of the coat is inexorably connected to (2) the word trademark OROLAY then Mr. Qiu should be before the court.

## III. MOTION TO DISMISS FOR LACK OF DEFINITE TRADE DRESS DETAILS UNDER 12(e)

As discussed before, Plaintiff, or Mr. Qiu must provide enough detail to put defendants on notice as to what Plaintiffs believe constitutes its protectable trade dress. *See Weber-Stephen Prods. LLC v. Sears Holding Corp.*, No. 13-cv-01686, 2013 WL 5782433, at *3-4 (N.D. Ill. Oct. 25, 2013) (explaining that plaintiffs must identify and describe trade dress in some detail to survive a motion to dismiss).

Here, the Plaintiff vaguely alleged that "Plaintiff has trade dress rights in the overall look, and appearance of the Orolay® jacket", *see* Amended Complaint ¶¶25, which is not enough to put defendants on notice what constitutes its alleged trade dress or not. It is unfair to the public, especially to defendants, to defend a frivolous lawsuit when defendants do not know what their alleged trade dress or not. Therefore, this court must dismiss this case for lack of definite due to rule 12(e).

**CONCLUSION**

Exhibit 2 must bear a fake date. Paragraph 18 must be alleging a false date. These are before the Court because Exhibit 2, within its four corners refers to something that did not exist (Doc. 1-1) at the time of the purported signature. Plaintiff was warned of Rule 11 sanctions before by this Court. Even if true, the document would not show Plaintiff "owns" trade dress. The Amended Complaint should be dismissed with prejudice. Plaintiff should be ordered to advise Amazon and any other retailers or service providers the allegations are not meritorious, the bond should be forfeit with no further accounting, this case is exceptional under 15 U.S.C. § 1117(a) and Defendant should be permitted to prove up its costs, including attorney's fees.

Respectfully submitted,

Date: October 5, 2021

*/s/ Frank Y. Gao*

One of Plaintiff's attorneys

**Attorney for Defendants,**
Ling YANG d/b/a Emperor Goose,
Xianchun JIANG d/b/a FADSHOW,
Shanshan MA d/b/a Raddzo

Frank Gao

David C. Brezina

Ladas & Parry LLP

224 S. Michigan Ave. Suite 1600

Chicago, Illinois 60604

(312) 427-1300

## CERTIFICATE OF SERVICE

**I hereby certify that on Oct. 5, 2021, I electronically filed the foregoing Motion and Notice of Motion using the Court's CM/ECF system, causing a notice of filing to be served upon all counsel of record.**

/s/ Frank Y. Gao

One of Plaintiff's attorneys

**Attorney for Defendant,**
Ling YANG d/b/a Emperor Goose,
Xianchun JIANG d/b/a FADSHOW,
Shanshan MA d/b/a Raddzo

Frank Gao

David C. Brezina

Ladas & Parry LLP

224 S. Michigan Ave. Suite 1600

Chicago, Illinois 60604

(312) 427-1300

13