UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JIAXING ZICHI TRADE CO., LTD., <br><br> Plaintiff, <br><br><br> Ling YANG, d/b/a Emperor Goose, <br> Xianchun JIANG, d/b/a FADSHOW, and <br> Shanshan MA, d/b/a Raddzo, et al. <br><br><br> Defendants. | Case No. 1:21-cv-973 <br><br> Judge: Martha M. Pacold <br><br> Magistrate Judge Young B. Kim |

## RULE 41 (B) MOTION TO DISMISS WITH PREJUDICE

### INTRODUCTION

Movant-Defendants: Ling YANG d/b/a Emperor Goose, Xianchun JIANG[1] d/b/a FADSHOW, Shanshan MA d/b/a Raddzo, by and through its attorneys, move this Court to present their motion to dismiss the Amended Complaint with prejudice for failure to prosecute based on FRCP 41(b), and for such other reliefs as the Court deems appropriate. This motion is in addition to and is based on facts not present at the time of Defendants' Motion To Dismiss For Failure To State A Claim of October 5, 2021, Doc 26, 27 and inferences that may be drawn from those new facts.

### BACKGROUND

Defendants filed motion requesting dismissal on Oct. 5, 2021. Defendants' counsel reached out to the leading counsel Edward CHEN numerous times on briefing schedules without success. The present Motion addresses new facts.

---

[1] Plaintiff named Cao Zi Qi in the Amended Complaint, knowing he dismissed the same defendant on June 8, 2021.

1

The Court set a briefing schedule for the already pending Motion to Dismiss, docket 29, stating, in pertinent part:

> United States District Court
> Northern District of Illinois - CM/ECF LIVE, Ver 6.3.3
> Notice of Electronic Filing
>
> The following transaction was entered on 10/13/2021 at 4:33 PM CDT and filed on 10/13/2021
> Case Name:  Jiaxing Zichi Trade Co. Ltd v. Yang et al
> Case Number:        1:21-cv-00973
>
> Filer:
> Document Number: 29
>
> Docket Text:
> MINUTE entry before the Honorable Martha M. Pacold: Plaintiff's response to Defendants' motion to dismiss [26] is due by 10/19/2021. Defendants' reply is due by 10/26/2021.(rao, )
>
> 1:21-cv-00973 Notice has been electronically mailed to:
>
> **Edward Chen       echen@yklaw.us , fdeng@yklaw.us, slin@yklaw.us**
> **[emphasis added]**

## NEW FACTS

While Plaintiff has not filed any Response to the Motion to Dismiss, new facts illuminate that Plaintiff may be without counsel, counsel has effectively withdrawn or been terminated, and Plaintiff's law firm may have continued responsibility but has taken no action.  What is apparent is that Plaintiff's counsel of record, Edward Chen, has a new address, and has neither advised the Court nor Defendant's counsel.

December 9, 2021, Edward Chen sued YK Law LLP, whose office at 125 South Wacker Drive, Suite 300,  Chicago, IL 60606 is on the appearance in this action.  See Edward Chen v. YK Law LLP Civil Action 21-cv-02032, Central District of California.

2

The Complaint alleges *inter alia*, breach of an employment contract between Edward Chen and YK Law LLP.

The Complaint in the Central District identifies this address:

> Edward Chen (SBN #312553)
> echen@edchenlaw.com
> LAW OFFICES OF EDWARD CHEN
> 1 Park Plaza, Suite 600
> Irvine, CA 92614
> Telephone: (949) 287-4278
> Facsimile: (626) 385-6060

In January, 2022, it does not appear that YK Law has a Chicago Office. YK Law lists only New York, Los Angeles, Irvine and San Francisco, California, Dallas, Texas and Miami, Florida https://www.yklaw.us/locations/ (accessed January 14, 2022)

A screen shot from the website www.web.archive.org (commonly referred to as the Wayback Machine) supports the conclusion that YK Law did not have a Chicago Office on March 2, 2021 (a month after the filing of the Complaint in this case, while Edward Chen was using the address) .

https://web.archive.org/web/20210302222633/https://www.yklaw.us/locations/ (accessed January 20, 2022)



**INFERENCES**

Edward Chen as a YK Law attorney, <u>may</u> not have had a legitimate address. See appearance, Docket 2, filed: 02/21/21. Mr. Chen was admitted less than two weeks before, listing a YK Law LLP address on Wacker Drive. https://www.ilnd.uscourts.gov/MemberSearchBar_v2.aspx (accessed January 20, 2022). But the telephone number is (213) 401-0970 not a number normally expected on Wacker Drive. It is also not the number on the December, 2021 Central District filing ((949) 287-4278).



The "213" number is the phone number listed at Mr. Chen's current California Bar registration (January 20, 2022), at YK Law, apparently not yet updated to his new address with his own firm:



https://apps.calbar.ca.gov/attorney/Licensee/Detail/312553 (accessed January 20, 2022)

## DISCUSSION OF NOTICE

This Court's General Order 16-0020 states, in pertinent part:

(G) It is the responsibility of the E-Filer to maintain adequate facilities and equipment to participate in ECF, including maintaining a current and active e-mail address. The E-Filer shall promptly provide written notification to the Clerk of the Court and opposing litigants in pending cases of any changes in the E-Filer's e-mail address.

Based on the notice set up in ECF (see Docket 29, quoted above) Notice to Plaintiff was sent electronically to three email addresses, all at @yklaw.us: Edward Chen echen@yklaw.us, fdeng@yklaw.us, slin@yklaw.us. Both Edward Chen and two others at YK Law had notice of the Motion, due date for their response, and filed nothing. The Complaint, *Edward Chen v. YK Law LLP* Civil Action 21-cv-02032, Central

5

District of California alleges, alleges discussion of termination from YK Law November 16, 2021, paragraph 22, a month <u>after</u> the brief was due.

## EDWARD CHEN HAS DISAPPEARED

It is speculative, but perhaps Mr. Chen, YK Law, Jiaxing Zichi and Mr. Qiu are embarrassed, have no explanation, and/or hope the case will disappear if they do nothing. If they respond, we may have an explanation, but the Motion to Dismiss raises serious issues of credibility.

Egregious, unanswered and unexplained, is Plaintiff's Exhibit 2, Doc. 25 – 2:

- purportedly signed Oct. 1. 2015 by Mr. JiaWei Qiu;
- granted rights in US Trademark Registrations including No. 5475044;
- that registration did not exist on that date, instead, registering two and a half years later on May 22, 2018.

The date is false, and was relied on, Amended Complaint, Paragraph 18, Docket 25.

Unfortunately, this case was a basis to stop Defendants' sales, at a time when sales needed to gear up to the winter and holiday season, and Defendants had to spend considerable attorneys' fees to successfully dissolve the injunction (Docket 24).

Someone is responsible for filing a materially false document before this Court and arguing it. Jiawei Qiu (the Motion to Dismiss includes a Rule 19 basis because he should be a party) signed a document, the date of which is invalid on its face. It was submitted on behalf of Plaintiff Jiaxing Zichi, with pleadings bearing YK Law LLP as the responsible filer, Edward Chen the signatory on behalf of YK Law. It is certainly easy to imagine that Mr. Qiu, Jiaxing Zichi, YK Law and/or Edward Chen now wishes this case to "go away" and has chosen to not prosecute.

**BASIS FOR RULE 41 (B) RULING**

Failure to prosecute is evidenced by two main occurrences, one of them sufficing for judgment by itself: (1) Plaintiff, through YK Law attorney Edward Chen, failed to file a response to Defendants' Motion to Dismiss, Edward Chen has disappeared, as far as the records of this Court and what has been communicated to Defendants' counsel is concerned and (2) Edward Chen has apparently disappeared and YK Law has not stepped up with a new appearance.

The Motion to Dismiss attacks the Amended Complaint for omissions maintained as in the original Complaint, dismissed, Docket 24, Aug 19, 2021. The second defective Complaint, (conceded by failure to oppose) should be dismissed with prejudice, as discussed herein. Dismissal with prejudice is expressly authorized when there is a Rule 19, failure to join a necessary party – failure to join Mr. Qiu who owns the trademark OROLAY and signed the document with the false date was one ground in the pending Motion to Dismiss. And since overt falsehood is presented, dismissal with prejudice is appropriate on the merits.

Finally, it appears that both Mr. Chen now independent, and YK Law LLP who appears at the top of the signature blocks, should be well aware of court procedures, and by the pending Motion have been alerted of being caught with serious problems in documents they used and signed. There is a lawsuit elsewhere between them and they should provide this Court and Defendants the courtesy of not ignoring the present case.

Defendants lost the winter/holiday 2021 – 2022 season for the sale of its non-infringing outerwear and paid their attorneys, and should be made whole. The previous motion reflects that opposing counsel was put on notice of Rule 11 sanction, the Court

7

said so, docket 24, page 4, "Plaintiff may file an amended complaint by the date specified above **if it determines that it can do so consistent with Federal Rule of Civil Procedure 11**." [emphasis added]

## ARGUMENT

### I. DISMISSAL UNDER RULE 41(B) WITH PREJUDICE SHOULD BE ENTERED

As Judge Aspen explained in *George v Amgen Inc.* 2021 WL 1088303 (ND Ill 2021)

> "Under Rule 41(b), if a plaintiff fails to prosecute her case, or to comply with either the Federal Rules of Civil Procedure or a court order, a defendant may move to dismiss the lawsuit. Fed. R. Civ. P. 41(b) ("Involuntary Dismissal"); see also *Ball v. City of Chicago*, 2 F.3d 752, 760 (7th Cir. 1993); *Allen v. Stuart-Ironsides, Inc.*, No. 93-cv-499, 1994 WL 592106, at *1 (N.D. Ill. Oct. 26, 1994) (Aspen, J.), aff'd, 70 F.3d 1274 (7th Cir. 1995) (dismissing lawsuit for want of prosecution after plaintiff refused to appear for his ordered deposition and then obstructed the discovery process).

The McMahan factors (*McMahan v. Deutsche Bank AG*, 892 F.3d 926, 931-32 (7th Cir. 2018)) weigh in Defendants' favor here. The first factor weighs in favor of dismissal since Plaintiff missed deadlines of responding motion to dismiss Amended complaint. The second factor could be illuminated by a Response, but neither Plaintiff, nor its counsel has filed a Response. However, it was Plaintiff's principal, Mr. Qiu, who signed the document with the falsified date. Defendants respectfully, do not presume to evaluate impact on the Court, although it is observed that the initial Complaint was dismissed and the Preliminary Injunction dissolved, before the document with a false date was submitted, and the Court has been ignored for three months. The fourth factor weighs against Plaintiff because the restraining order and injunction restricting has resulted in Defendants losing sales for the most important time of the year. Additionally, Defendant has necessarily incurred substantial costs in defending a once dismissed

lawsuit and addressing here Plaintiff's failure to respond. The fifth factor weights in favor of dismissal since Plaintiff there has been decided merits of the original Complaint were doubtful, and for the reasons in the currently pending Motion to Dismiss. The sixth factor weighs in favor of Defendants because, even if the allegations were supportable, and they are not, Defendants copying unprotected product configurations helps consumers. *Badger Meter Inc. v. Grinnell Corp.*, 13 F.3d 1145, 1155, (7th Cir. 1994) ("Competitors are generally privileged to copy one another's products, (citation omitted), because consumers benefit from the option to buy a copy that has "some added premium (e.g., faster delivery, cheaper pricing)" provided by the competitor.")

Weighing these factors dismissal is supported. Additionally, George v Amgen notes a court may consider "other relevant circumstances like delay, contumacious conduct, and the ineffectiveness of less drastic sanctions." Plaintiff was stretching for the original Complaint, Temporary Restraining Order and Preliminary Injunction, all handle ex parte, the Court being vulnerable to "tall tales." Then, having been put on express notice of Rule 11, Plaintiffs submitted a document with a fake date and plead with reference to that document in the Amended Complaint– Mr. Qiu, principal of Plaintiff and YK Law, by Edward Chen both submitted signatures. Ignoring the Response date is delay, and the entire case evidences contumatcious conduct. Warning of Rule 11 was insufficient, setting a briefing schedule was insufficient, Mr. Chen has disappeared. No other sanction is likely to be effective.

## CONCLUSION

Plaintiff was warned of Rule 11 sanctions before by this Court. Without heeding the warning, Plaintiff filed the Amended Complaint expressly referencing a document

with a false date, apparent on its face, when compared to its Trademark Registration. Dismissal with prejudice is appropriate. Defendants should be able to recover lost sales from the ex parte TROs and Preliminary Injunction. The "freeze" on Defendants' Amazon account (Docket 9 page 4 paragraph No. 2) should be expressly dissolved and at least the named resellers be instructed to reopen Defendants' accounts to sales of the accused coats and the allegations are not meritorious. The bond should be forfeit with no further accounting. This case is exceptional under 15 U.S.C. § 1117(a) and Defendant should be permitted to prove up its lost sales, costs and attorney's fees, lost sales submitted under seal..

Date: January 21, 2022

                                            Respectfully submitted,

                                            */s/ Frank Y. Gao*

                                            One of Plaintiff's attorneys

                                            **Attorney for Defendants,**
                                      Ling YANG d/b/a Emperor Goose,
                                      Xianchun JIANG d/b/a FADSHOW,
                                            Shanshan MA d/b/a Raddzo

Frank Gao
David C. Brezina
Ladas & Parry LLP
224 S. Michigan Ave. Suite 1600
Chicago, Illinois 60604
(312) 427-1300

## CERTIFICATE OF SERVICE

I hereby certify that on January 21, 2022, I electronically filed the foregoing Motion using the Court's CM/ECF system, causing a notice of filing to be served upon all counsel of record.

I further certify that I have caused to be transmitted electronic copies to: echen@yklaw.us , fdeng@yklaw.us, slin@yklaw.us; echen@edchenlaw.com; edward.chen@edchenlaw.com and that I have caused a paper copy to be transmitted via a express service addressed to:

Edward Chen (SBN #312553)
LAW OFFICES OF EDWARD CHEN
1 Park Plaza, Suite 600
Irvine, CA 92614

Jesse Jules Weiner
Co-Managing Partner
YK Law LLP
32 E. 57th Street
8th Floor
New York, New York 10022

Faye Deng
YK Law LLP
445 S. Figueroa Street
Suite 2280
Los Angeles, CA 90071

*/s/ Frank Y. Gao*

One of Plaintiff's attorneys

**Attorney for Defendant,**
Ling YANG d/b/a Emperor Goose,
Xianchun JIANG d/b/a FADSHOW,
Shanshan MA d/b/a Raddzo

Frank Gao
David C. Brezina
Ladas & Parry LLP
224 S. Michigan Ave. Suite 1600
Chicago, Illinois 60604