UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JIAXING ZICHI TRADE CO., LTD. ) | Case No. 1:21-cv-973 |
| ) | |
| Plaintiff ) | Hon. Martha M. Pacold |
| ) | |
| v. ) | Magistrate Judge Young B. Kim |
| ) | |
| LING YANG, d/b/a Emperor Goose, CAO ) | |
| ) | |
| ZI QI, d/b/a FADSHOW, and ) | |
| ) | |
| SHANSHAN MA, d/b/a Raddzo, and ) | |
| ) | |
| DOES 1-50, inclusive, ) | |
| ) | |
| Defendant ) | |
| ) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR AN AWARD OF BOND, COSTS AND FEES**

**I. INTRODUCTION**

Plaintiff filed this case on February 21, 2021 under the Lanham Act, 5 U.S.C. § 1501 et.seq. alleging that Defendants infringed on its trade dress rights in women's winter coat known as the "Orolay Jacket." On March 22, 2021 the Court granted Plaintiff's motion for a temporary restraining order, and subsequently on May 6, 2021 Plaintiff's motion for preliminary injunction after Defendant failed to oppose either one of these applications.

On July 29, 2021 Defendant filed a motion to dissolve preliminary injunction and to dismiss the case. The court granted the motion finding that Plaintiff did not properly allege ownership of trade dress in the original complaint and gave Plaintiff leave to file an amended Complaint. The Court's reasoning was partly based on the fact that other manufacturers like Zara

1

have used a similar design for jackets in December of 2013, around the same time that Plaintiff alleged it began selling the Orolay Jacket.[1] Plaintiff filed an amended complaint on October 1, 2021 [Docket No. 25]alleging that Plaintiff has began selling the Orolay Jacket on October 9, 2013 in the United States, nearly two months prior to the alleged post by "Zara Wholesaler," thus pleading adequately its ownership of the trade dress involving the Orolay Jacket.

On October 5, 2021 Defendant filed another motion to dismiss, arguing that Plaintiff failed to allege ownership of the trade dress. [Docket No. 26] While the motion was pending the prosecuting counsel Edward Chen dissociated from YK Law, LLP on November 16, 2021. The motion went unopposed. Instead of attempting to obtain favorable ruling on the unopposed motion, Defendant waited for three months and filed yet another motion to dismiss on January 21, 2022. [Docket No. 31].

During that period Plaintiff decided to not further prosecute the case. The undersigned counsel filed an application to appear *pro hac vice* and subsequently filed a voluntary dismissal of the case under Federal Rule of Civil Procedure 41(a)(1)(A)(i). The case was dismissed on February 3, 2022. Apparently dissatisfied with the result that they sought all along Defendant field the instant motion requesting "award of bond, costs and fees" against Edward Chen and YK Law, LLP only. Curiously, Defendants do not seek fees and costs from Plaintiff itself but only from Plaintiff's "attorney and law firm"

---

[1] A subsequent research by Plaintiff indicated that the Facebook post by "Zara Wholesaler" that Defendants rely on to make their argument (Docket 17-37) is actually an image of Plaintiff's product by a another counterfeiter and not the well known Zara Brand. In fact, the referenced Facebook page seems to have been removed and cannot be accessed.

2

Mr. Edward Chen, who was the attorney of record for Plaintiff during the time referenced in the motion is no longer with YK Law, LLP and has formally disassociated from the firm on November 16, 2021. YK Law, LLP files this response on behalf of Plaintiff and itself only.

## II. ARGUMENT

### a. 28 U.S.C. § 1927 Does Not Allow Sanctions Against Law Firms.

28 U.S.C. § 1927 states "Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." Section 1927 "creates no penalty in favor of prevailing party nor provision for taxation of costs other than those regularly allowed, but simply provides for taxation of otherwise allowable costs against counsel personally rather than party for whom he appeared." Chrysler Corp. v. Lakeshore Commercial Finance Corp., 389 F. Supp. 1216, 1224 (E.D. Wis. 1975), aff'd, 549 F.2d 804 (7th Cir. 1977).

Section 1927 does not provide legal basis for order of fees against a law firm that is not itself "admitted to practice" before tribunal. Claiborne v. Wisdom, 414 F.3d 715, 724 (7th Cir. 2005). Liability under Section 1927 is "restricted to misbehaving lawyer and may not be transferred to his partners or law firm; Section 1927 does not require every lawyer who files appearance to review and vet every paper filed by every other lawyer." FM Indus. v. Citicorp Credit Servs., 614 F.3d 335, 341 (7th Cir. 2010). Also, Section 1957 only allows for sanctions against attorneys or other persons admitted to conduct cases, and is designed to exclude sanctions against law firms. Kaass Law v. Wells Fargo Bank, N.A., 799 F.3d 1290, 1294 (9th Cir. 2015).

3

In this case, Defendants, baselessly seek award of fees against YK Law, LLP. By its statutory language and cases interpreting it, 28 U.S.C. § 1957 does not authorize or permit this Court to award cists or fees against YK Law, LLP. While Defendants delineate their grievances and dissatisfactions with Mr. Chen and his conduct during the case, they have provided no legal basis, and no argument, to impose costs and fees on YK Law, LLP, a law firm that Mr. Chen is no longer associated with and has not been associated with since November of 2021. Defendants presented no evidence or facts and no request for costs and fees against any other attorney associated with YK Law, LLP. Nor can they. Mr. Chen had been the responsible counsel for this case until his disassociation from the firm. The only other act performed by YK Law, LLP attorneys in this case was getting admitted *pro hac vice* and voluntarily dismissing the case, actions that cannot be possibly categorized as violative of 28 U.S.C. § 1957.

In sum, Defendants presented no basis for award of costs and fees against YK Law, LLP and there is no legal basis for award of such fees. Therefore, the Court should deny any request for award of costs and fees against YK Law, LLP. It is noteworthy, that Defendants' counsel seems to have not served Mr. Chen with the motion and seems to have not met and conferred with him concerning filing deadlines. It is unclear if Mr. Chen is even aware of this motion, as the electronic service of the motion was served on Mr. Chen's old and currently inoperative email address with YK Law, LLP.

b. **Plaintiff's Prosecution of the Case was Not Vexatious and Unreasonable**.

The Court should exercise its power under Section 1927 only in instances of a serious and studied disregard for the orderly processes of justice. Kiefel v. Las Vegas Hacienda, Inc., 404 F.2d 1163, 1167 (7th Cir. 1968). By its very language, Section 1957 is designed to sanction conduct that "unreasonably and vexatiously" multiplies the proceedings. 28 U.S.C. § 1957.

Some courts even limited cost imposition only to sanction needless delay. See Reid v. United States, 715 F.2d 1148 (7th Cir. 1983). Because it is penal in nature, 28 USC § 1927 must be strictly construed. Indianapolis Colts v. Baltimore, 775 F.2d 177, 182 (7th Cir. 1985). "Before court may assess fees under 28 USC § 1927, attorney must intentionally file or prosecute claim that lacks plausible legal or factual basis." Id. In order to avoid sanctions under 28 USC § 1927 where lengthy discovery and series of dispositive motions reveal factual or legal deficiency in complaint against defendant, deficiency should either be remedied or defendant dismissed. Walter v. Fiorenzo, 840 F.2d 427, 436 (7th Cir. 1988).

In this case, Defendants failed to establish that any conduct by Plaintiffs amounted to vexatious and unreasonable multiplication of proceedings. In fact, after the Court ruled on Defendants' motion to dismiss, Plaintiff only filed two pleadings in this case: a first amended complaint, and subsequent request for voluntary dismissal of the case. These filings do not even come close to vexatious conduct that is contemplated in Section 1957. Defendants' main argument focuses on the fact that Exhibit 2 attached to the first amended complaint somehow proves that Plaintiff did not have a valid trade dress case. This argument is baseless and nonsensical. First, Exhibit 2, titled Brand Authorization Certificate, authorizes Plaintiff to use basic word marks "Orolay." It has nothing to do with design of Plaintiff's jackets, or the trade dress that was at issue in the case. Similarly, it has nothing to do with use or ownership of trade dress at issue here. Plaintiff's case was based on Defendants' violation of Plaintiff's trade dress, i.e. look and design of jackets, and not Defendants' use of basic word marks "Orolay."[2]

---

[2] Plaintiff did not allege that Defendants used the word "Orolay," or that Defendants violated the trademarks listed in Exhibit 2.

The court granted Defendants' initial motion to dismiss reasoning that the Plaintiff has not specifically alleged when it began using the trade dress in question in the United States. In ruling on Defendants' initial motion to dismiss the Court alluded to the fact that trademark existence or registration is not dispositive to trade dress ownership by stating: "To acquire ownership of a trademark it is not enough to have invented the mark first or even to have registered it first; the party claiming ownership must have been the first to actually use the mark in the sale of goods or services." Sengoku Works Ltd. v. RMC Int'l, Ltd., 96 F.3d 1217, 1219 (9th Cir. 1996); see also Johnny Blastoff v. Los Angeles Rams Football Co., 188 F.3d 427, 434 (7th Cir. 1999)." [Docket No. 24] The court went on to reason that "plaintiff seeking to vindicate rights in an unregistered trade dress must allege the date on which the plaintiff first used the trade dress in the sale of goods or services within the United States in order to plausibly allege ownership." Id.

Plaintiff's amended complaint remedied that deficiency by alleging that Plaintiff first used and made the first sale of the jacket in the United States as early as October 9, 2013. [Docket No. 25]. Exhibit 2 does not contradict this trade dress related allegation since Exhibit 2 deals with the word mark Orolay and not any trade dress related issues. Nothing in the filing of the complaint, the first amended complaint or related pleadings amounts to bad faith by Plaintiff. Plaintiff filed a first amended complaint to remedy the deficiencies outlined by the Court's ruling, and that can hardly be construed as bad faith. Plaintiff's only other filing thereafter was its Notice of Voluntary dismissal of the case.

    c. **Defendants Themselves Made Unnecessary Filings**.

Subsequent to Plaintiff filing its first amended complaint, on October 5, 2021 Defendants filed another motion to dismiss. [Docket No. 27]. This motion was not opposed by Mr. Chen, the

attorney handling the case at that time. Even faced with non-opposition, Defendants failed to prosecute and obtain a ruling on the motion. Had they done so, this case would have been over months ago. Instead, they left the motion pending, waited for three months, and filed yet another motion to dismiss on January 21, 2022. [Docket No. 31]. After the motion was served, with Mr. Chen, no longer associated with the firm, Plaintiff's case was assigned to the undersigned counsel, who filed voluntary dismissal of the case on February 2, 2022 [Docket No. 36].

Nothing in Plaintiff's conduct amounts to vexatious and unreasonable multiplication of proceedings. If anything, Defendants' conduct of filing, not prosecuting and duplicate filing of motions to dismiss comes closer to multiplying proceedings that anything that Plaintiff has done in this case.

d. **Plaintiff's Conduct Does Not Amount to Bad Faith**.

Sanctions under Section 1957 are granted sparingly and in extreme cases, where there is clear bad faith conduct and improper litigation tactics. For example, in Martinez v. City of Chicago, 823 F.3d 1050 (7th Cir. 2016) the court sanctioned assistant district attorney for misconduct because she recklessly and in bad faith told plaintiffs that documents they sought did not exist, overstated amount of time and resources it would take to inspect files, and refused requests for reasonable accommodations; in Boyer v. BNSF Ry. Co., 824 F.3d 694 (7th Cir. 2016) sanctions were given when plaintiffs' counsel unreasonably and vexatiously multiplied proceedings by filing suit in Arkansas, which had absolutely no connection to case. In Royce v. Michael R. Needle P.C., 950 F.3d 939 (7th Cir. 2020), sanctions were imposed on attorney who had long history of delaying proceedings and unreasonably caused further delay by missing a hearing.

The commonality among the cases where sanctions were imposed is counsel's blatant disregard for the procedural and substantive rules, and long standing and repetitive violations of these rules which was an indication of bad faith litigation tactics. Nothing even close to that is present in this case. Plaintiff's mere filing of a first amended complaint does not amount to vexatious and unreasonable multiplication of proceedings. Further, the voluntary dismissal of the case to avoid further needless motions and proceedings indicates that Plaintiff never acted in bad faith and did not intend to multiply filings in the case. See Walter v. Fiorenzo, 840 F.2d 427, 436 (7th Cir. 1988) ("In order to avoid sanctions under 28 USCS § 1927 … deficiency should either be remedied or defendant dismissed.")

Thus, the Court should deny Defendants' motion and refuse to award sanctions under 28 U.S.C. § 1927.

e. **Defendants Are Not Prevailing Parties in This Case and Cannot Recover Costs or Attorney Fees**.

Defendants are not entitled to an award of attorney's fees under Federal Rules of Civil Procedure 54(d) because Defendants are not a prevailing party within the compass of Rule 54(d). For a party to prevail, it must (1) obtain a "material alteration of the legal relationship of the parties" that is (2) "judicially sanctioned." Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 604–05 (2001). Defendants cannot satisfy either one of these requirements. Defendants did not obtain anything from this lawsuit because it was dismissed voluntarily, without prejudice, and without adjudication of the parties' rights in this case. Consequently, Defendants are still subject to re-filing of the case. The dismissal of the case did not alter the relationship of the parties, and provided nothing that was judicially sanctioned.

To substantiate their meritless position, Defendants erroneously and deceptively cite to Szabo Food Serv v. Canteen Corp. 823 F.2d 1073 (7th Cir. 1987). However, that case actually contradicts defendants argument. In that case, the Seventh Circuit Court of Appeals held that a dismissal without prejudice under Federal Rule of Civil Procedure Rule 41(a)(1)(i) was not a decision on the merits and the defendant in that case was not a prevailing party . Szabo Food Serv v. Canteen Corp. 823 F.2d 1073, 1077 (7th Cir. 1987) ("Because Rule 41(a)(1)(i) dismissal is without prejudice, however, it is not the practical equivalent of a victory for defendant on the merits.") The Court in Szabo further held that Rules 41(a)(1)(i) dismissal prevents an award of "costs" against the party who dismisses the suit voluntarily, and similarly prevents award of attorney fees against the dismissing part. Id.

None of the cases cited in Defendants' motion supports their argument. In Linda W. v. Indiana Department of Education, 200 F.3d 504, 507 (7th Cir. 1999) the court held that "to prevail in litigation one must win on the merits, and not just score tactical victories in interlocutory skirmishes." (citing to Hanrahan v. Hampton, 446 U.S. 754 (1980)). Finally, in Espinosa v. Holloway, Case No. 3:07-cv-50009 (N.D. Ill November 19, 2008), this very Court, relying on Szabo and Linda W, declined to impose costs and fees under Rule 54(d) because after dismissal without prejudice Defendant was not a prevailing party. The remaining cases cited by Defendants are irrelevant to the issues at hand, as these cases were decided on the merits. In First Commodity Traders, Inc. v. Heinold Commodities, Inc., 766 F.2d 1007, 1015 (7th Cir. 1985) the plaintiff in FCT was not deemed as have prevailed on a substantial part of the litigation although it prevailed on one of its seven claims, while the remaining six were dismissed by the Court at summary judgment. In Thompson v. Village of Monee, 1:12-cv-5020 (N.D. Ill, Jan 12, 2016), the Court did grant costs after *entering judgment* in favor of Defendants.

9

No case cited by Defendants supports the position that Defendants are deemed prevailing parties after voluntary dismissal without prejudice. In fact, Defendants blatantly, and dishonestly misquote and misrepresent the rulings in Szabo and Linda W. This in and of itself is sanctionable conduct. The holdings in these cases are directly contrary to Defendants' position and actually support Plaintiff's argument that Defendants are not prevailing parties. Szabo Food Serv v. Canteen Corp. 823 F.2d 1073, 1077 (7th Cir. 1987), Linda W. v. Indiana Department of Education, 200 F.3d 504, 507 (7th Cir. 1999). Plaintiff dismissed Defendants voluntarily and without prejudice. Plaintiff may refile the case if it choses to do so. Therefore, Defendants are not prevailing parties in the case and are not entitled to any relief under Rule 54(d).

    **f.  Defendants Are Not Entitled to Any Recovery Under 15 U.S.C. 1117(a).**

Similar to their first request, Defendants second request for attorney fees and costs is not directed at Plaintiff, but at its attorneys. While making this strange request, Defendants fail to cite to any authority that Section 1117 allows recovery of fees and costs from the opposing counsel and not the party. Regardless, Defendants' are not entitled to any recovery of attorney fees because they are not prevailing parties and they are not registrants of any mark in this case. 15 U.S.C. § 1117(a) states in relevant part:

> "**(a) Profits; damages and costs; attorney fees.** When a violation of any right of the registrant of a mark registered in the Patent and Trademark Office, … shall have been established in any civil action arising under this Act, the plaintiff shall be entitled, subject to the provisions of sections 1114 and 1114 of this title, and subject to the principles of equity, to recover (1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action. … The court in exceptional cases may award reasonable attorney fees to the prevailing party."

Defendants' argument that they are entitled to recovery under Section 1117 is completely in bad faith and lacks any reasonable basis. First, Section 1117 does not apply to Defendants because they are not registrants of any mark with the Patent and Trademark Office. Second, that section warrants recovery of profits and damages sustained only to plaintiffs that can establish a violation of the mark. Finally, as mentioned *supra,* Defendants are not prevailing parties in this case and are entitled to nothing under Section 1117's fee shifting provision.

Defendants presented no facts and no legal argument to demonstrate that they are entitled to any relief under 15 U.S.C. § 1117. Defendants have not alleged or argued that they are registrants of any mark with the Patent and Trademark Office. They presented no evidence of any of their marks (if any exist) in any of their pleadings. They have never alleged any violations by Plaintiff of any of their registered marks at all. Therefore, Defendants have not established that the provisions of Section 1117 are applicable to them. By its statutory language Section 1117 allows only Plaintiffs, who are registrants of a mark to recover "(1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action." No similar provision is made for Defendants, who have no registered marks. Therefore, Defendants are not entitled to recovery of profits, damages or costs.

Further, as explained *supra,* Defendants are not prevailing parties in this case, and are not entitled to recover fees under the fee shifting provision of Section 1117. In this case, the Court has not made any determination as to any of the rights of the parties, including violations under Lanham Act. Since Defendants are not prevailing parties, they are not entitled to take advantage of the fee shifting provision of the Section 1117 or claim award of profits, and other damages.

Finally, attorney fees under Section 1117's fee shifting provision are awarded only in exceptional cases to a prevailing party. "[A]n "exceptional" case is simply one that stands out

11

from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated. District courts may determine whether a case is "exceptional" in the case-by-case exercise of their discretion, considering the totality of the circumstances." LHO Chicago River, L.L.C. v. Perillo, 942 F.3d 384, 386 (7th Cir. 2019) (Citing "Octane Fitness, LLC v. ICON Health & Fitness, Inc., 572 U.S. 545, 554 (2014)). Factors in determining whether the case is exceptional include "frivolousness, motivation, objective unreasonableness" Id.

Nothing in the brief existence of this case even comes close to being exceptional. The case has started as a run of the mill trade dress infringement case and was dismissed voluntarily. Defendants' argument that the existence of Exhibit 2 attached to the complaint made the whole case frivolous is absurd. As explained *supra* Exhibit 2 does not deal with trade dress issues and only assigns rights to use "Orolay" basic word mark to Plaintiff. Exhibit 2 does not negate the fact that Plaintiff has sold and used the trade dress of its jackets in commerce and in the United States since October 9, 2013. Moreover, Defendants presented no facts to establish bad motivation or objective unreasonable conduct by Plaintiff who voluntarily dismissed a case.

In sum, Defendants are not entitled to relief under 11 U.S.C. § 1117 since they have not prevailed in the case, they are not entitled to relief sought as non-registrants, and this case is not an exceptional case.

III. CONCLUSION

In conclusion, The Court should deny Defendants' motion in its entirety.

//

//

Date: 02/28/2022


      /s/ Vahe Khojayan

Attorneys for Plaintiff

Vahe Khojayan (*Admitted Pro Hac Vice*)
YK Law, LLP
445 S. Figueroa Street, Ste 2280
Los Angeles, CA 90071
Tel: 213-401-0970   Fax: 213-529-3044
Email: vkhojayan@yklaw.us


Ariel Weissberg, Esq.
Weissberg and Associates, Ltd.
564 West Randolph Street, 2nd Floor
Chicago, IL 60661
T- 312-663-0004; F-312-663-1415
Email:  ariel@weissberglaw.com
Attorney No. 3125591

13

## DECLARATION OF VAHE KHOJAYAN

I, Vahe Khojayan, declare:

1. I am a person over the age of eighteen. I am a partner at YK Law, LLP, Plaintiff's counsel in this case. I have personal knowledge of the facts stated herein and if called as a witness could and would competently testify to the accuracy of these facts.

2. Mr. Edward Chen, previously counsel of record for Plaintiff in this case became disassociated form YK Law, LLP as of November 16, 2021.

3. It is my understanding that Mr. Chen does not receive emails sent to echen@yklaw.us email address.

4. While reviewing this case, I researched the facebook [Docket No. 17-37] post that Defendants relied on in their Motion to Dismiss. My research revealed that the post is made by a facebook profile named Zara Wholesaler and that the post and the profile have been removed and are not available on facebook.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Date: 02/28/2022

By: _____

Vahe Khojayan